UNITED STATES ex rel. GRAND TRUNK WESTERN RY. CO. v. MELLON,
Secretary of the Treasury.

(Court of Appeals of District of Columbia. Submitted February 8, 1921. Decided June 6, 1921.)

No. 3488.

Appeal and error ⬥⟾1138—After case has become moot, court can affirm judgment, if that is most consonant with justice.

Where a petition for mandamus to compel the Secretary of the Treasury to make payments to a railroad on the Interstate Commerce Commission's certificate, before the total amount due the railway was ascertained, had become moot by reason of the amendment to Transportation Act Feb. 28, 1920, by Act Feb. 26, 1921, by adding section 212, expressly providing for such payment, the Court of Appeals has the right, without considering the merits, to do what is most consonant to justice, and can affirm the judgment dismissing the petition.

Appeal from the Supreme Court of the District of Columbia.

Petition for mandamus by the United States, on the relation of the Grand Trunk Western Railway Company, against Andrew William Mellon, Secretary of the Treasury of the United States. From a judgment dismissing the petition, relator appeals. Affirmed.

J. Harry Covington, Spencer Gordon, and Alfred P. Thom, all of Washington, D. C., for appellant.

J. E. Laskey, of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellant railway company petitioned the Supreme Court of the District for a mandamus to compel the Secretary of the Treasury to draw a warrant in its favor upon the certificate of the Interstate Commerce Commission, framed, as alleged, pursuant to section 209 of the Transportation Act of February 28, 1920 (41 Stat. 464, c. 91). A rule to show cause was issued. The Secretary filed his answer thereto, to which a demurrer was interposed by the railway company. An order overruling the demurrer was entered. The railway company elected to stand on the demurrer, and the court entered judgment dismissing the petition. From this action the railway company brought the case here, alleging error.

The Transportation Act provided certain guaranties by the United States for the carriers mentioned therein. According to the act the amount necessary to make good the guaranty to each carrier is to be ascertained by the Interstate Commerce Commission, and paid by the Secretary of the Treasury upon a certificate issued by the Commission. Assuming to act in harmony with the statute, the Commission issued a certificate to the railway company for $500,000, and stated therein that there might be upon further investigation additional amounts due to it and, if it should be found that there were, they would be certified to the Secretary of the Treasury. The Secretary contended that a correct interpretation of the act required that the exact total amount due the railway company must be ascertained before any certificate could be issued by the Interstate Commerce Commission, and as that

⬥⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was not done in the present case he refused to honor the certificate. The court below held that he was right. Thus was raised the question upon which this appeal turns.

After the cause was submitted here the Congress, by the Act of February 26, 1921 (41 Stat. 1145, c. 72), amended the Transportation Act, so as to provide that, if the Commission is not able at the time of making a certificate finally to determine the whole amount due to a carrier, it "may make its certificate for any amount definitely ascertained by it to be due, and may thereafter in the same manner make further certificates, until the whole amount due has been certified." The amendatory act also provides that warrants drawn pursuant to its terms are to be paid by the Secretary of the Treasury in the manner prescribed therein. It is manifest, without more, that by the amendatory act the Secretary of the Treasury is directed to do in effect what this action was instituted to compel him to do. It is now clear that under that act a certificate for less than the whole amount due is valid and should be paid; therefore there is no occasion for the issuance of the writ. State v. Associated Press, 159 Mo. 410, 60 S. W. 91, 51 L. R. A. 151, 81 Am. St. Rep. 368. Besides, the case has become moot. United States v. Hamburg-American Co., 239 U. S. 466, 36 Sup. Ct. 212, 60 L. Ed. 387. In such a situation we have the right, without considering the merits, to do what is "most consonant to justice" (Hamburg-American Co. Case. supra; see, also, Heitmuller v. Stokes, 255 U. S. ——, 41 Sup. Ct. 522, 65 L. Ed. ——, and therefore we affirm the judgment, with costs.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.